1
2
3
4
5
6
7
8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUMALDO BARBOZA,                    Case No. 1:12-cv-01914 JLT (PC)

12          Plaintiff,                   **FINDINGS AND RECOMMENDATIONS
                                         DENYING PLAINTIFF'S MOTION FOR**
13      vs.                              **PRELIMINARY INJUNCTION**

14   BERRY GREEN,                        (Doc. 3)

15
            Defendant.
16

17

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

19   action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his initial complaint on November 26, 2012.

20   (Doc. 1)  Now pending before the Court is Plaintiff's motion for a preliminary injunction also

21   filed November 26, 2012.  (Doc. 3)  Plaintiff seeks an injunction requiring prison officials to

22   provide him with pain medication, referral to a pain management specialist, and physical therapy

23   to treat an elbow injury sustained December 12, 2009.  (Id. at 2, 7)

24          "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

25   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

26   balance of the equities tips in his favor, and that an injunction is in the public interest."  Winter v.

27   Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).   "A

28   preliminary injunction is an extraordinary remedy never awarded as of right."  Id. at 24 (citation

1    omitted).  It may be awarded only upon a clear showing that the movant is entitled to relief.  Id.

2    A stronger showing of one element may offset a weaker showing of another.  Alliance for the

3    Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (the sliding scale approach to

4    balancing the elements for a preliminary injunction survives Winters).  However, while the

5    elements may be balanced, all four factors must be present in order to warrant injunctive relief.

6    Id. at 1052-53.

7          Plaintiff has named Pleasant Valley State Prison ("PSVP") physician assistant Barry J.

8    Green as the defendant in this case.  (See Doc. 1 at 2)  However, at this stage of the proceedings,

9    the Court has not yet determined whether Plaintiff has stated any cognizable claim for relief under

10   federal law.[1]  As a result, the Court lacks personal jurisdiction over the named defendant.  "A

11   federal court may [only] issue an injunction if it has personal jurisdiction over the parties and

12   subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons*

13   *not before the court.*"  Zepeda v. United States Immigration Service, 753 F.3d 719, 727 (9th Cir.

14   1985) (emphasis added).

15         Furthermore, Plaintiff has failed to make the necessary showing of irreparable injury.  He

16   states that his injury was sustained December 12, 2009, and that he has been denied adequate pain

17   medication—Tramadol hydrochloride administered thrice-daily in 50 milligram tablets—since

18   August 8, 2010.  (Doc. 3 at 6)  Plaintiff filed his initial complaint over two years later.  (Doc. 1)

19   Plaintiff offers no argument as to why the denial of physical therapy and the medication regimen

20   he seeks would now pose such an immediate and lasting threat to his health and well-being

21   despite that he delayed for two years to bring this matter to the Court's attention such that

22   immediate action is now required.  Indeed, at this early stage, it appears only that Plaintiff merely

23   disagrees with PSVP medical staff over the appropriate course and duration of treatment.

---

[1] The Court has not yet screened Plaintiff's Complaint.  (*See* 28 U.S.C. § 1915(A) requiring the Court to review complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity for cognizable claims before the Court orders the defendant(s) to be served).  The Court will direct the United States Marshal to serve the complaint only after the Court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.

1        Accordingly, for the reasons set forth above, **IT IS HEREBY RECOMMENDED** that

2  Plaintiff's November 26, 2012 motion for a preliminary injunction (Doc. 3) be **DENIED**.

3        These findings and recommendations are submitted to the United States District Judge

4  assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  Within fourteen days

5  after being served with these findings and recommendations, Plaintiff may file written objections

6  with the Court.  Any document containing written objections should be captioned "Objections to

7  Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file

8  objections within the specified time may waive the right to appeal the District Court's order.  See

9  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11

12  IT IS SO ORDERED.

13   Dated:   __December 7, 2012__         _____**/s/ Jennifer L. Thurston**

14                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28