UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUMALDO BARBOZA,<br><br>       Plaintiff,<br><br>  v.<br><br>BARRY J. GREEN,<br><br>       Defendant. | Case No.: 1:12-cv-01914 - AWI - JLT<br><br>ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

      Plaintiff Rumaldo Barboza ("Plaintiff") is a state prisoner proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. As required by 28 U.S.C. § 1915A, the Court presently screens Plaintiff's 95-page complaint. (Doc. 1). Having read and considered the pleadings, and for the following reasons, the Court **DISMISSES** the complaint **with leave to amend.**

**I.    SCREENING REQUIREMENT**

      Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

///

///

## II. PLEADING STANDARDS

### A. Federal Rule of Civil Procedure 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (Id.) Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

Plaintiff submits a 4-page complaint with 91 pages of exhibits, which add little to the factual allegations contained in the complaint. (Doc. 1). These exhibits do not comport with the precepts of Fed. R. Civ. P. 8(a). Similarly, requiring the Court to comb through 90 pages of documents to ascertain the factual basis of Plaintiff's complaint wastes judicial time and resources. Therefore, the Court considers only Plaintiff's complaint (Doc. 1 at 1-4) to determine the substantive allegations of Plaintiff's complaint.

**B.     42 U.S.C. § 1983**

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III.     FACTUAL ALLEGATIONS**

Plaintiff names Barry J. Green ("PA Green"), a physician assistant at Pleasant Valley State Prison as the sole defendant in this matter. (Doc. 1 at 2).  Plaintiff alleges that in January 2010, while working as a "scullery helper" in the kitchen at PVSP, he severely injured his elbow. (Doc. 1 at 3-4). At that time, unnamed physicians prescribed him 50 milligrams of Tramadol to be taken three times a day. Id. at 3.  PA Green subsequently discontinued Plaintiff's prescription on August 18, 2010, without referring Plaintiff "to pain management or a [s]pecialist for other alternatives." Id.   Plaintiff experienced severe pain as a result. Id.

**IV.     DISCUSSION AND ANALYSIS**

**A. Eighth Amendment – Inadequate Medical Care[1]**

Plaintiff seemingly alleges that PA Green provided him inadequate medical care when he discontinued Plaintiff's Tramadol.  To establish a violation of the Eighth Amendment based on

---

[1] In addition to his Eighth Amendment claim, Plaintiff alleges that PA Green acted in contravention of state law, the Fourteenth Amendment, and "Article II, Section [2]" of an unnamed treaty.  With regard to the Fourteenth Amendment, Plaintiff provides no facts on which the Court may analyze Plaintiff's alleged due process claim. Similarly, Plaintiff fails to indicate which treaty PA Green allegedly violated.
 To the extent that Plaintiff asserts a California tort claim against PA Green, the Court can find no evidence that Plaintiff complied with the California Tort Claims Act ("CTCA").  Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action.  See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Consequently, failure to allege compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1243-44 (2004).  Thus, Plaintiff's state tort claim is dismissed.

inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. See Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. See Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Here, the complaint lacks sufficient factual support to find that Plaintiff suffered from a serious medical need. Plaintiff alleges that he had "severe elbow pain" from an accident that occurred eight months earlier. (Doc. 1 at 3). Nowhere does Plaintiff allege that he continued to suffer pain in August of 2010 nor does he aver that this pain was chronic and substantial at that time. In filing his first amended complaint, Plaintiff must set forth sufficient facts to demonstrate that he suffered from a serious medical need at the time Defendant Green withdrew his medication.

Similarly, Plaintiff seeks to dictate the course of his medical treatment by compelling PA Green to re-prescribe certain medication, which Plaintiff is not entitled to do. Quiroga v. Green, Case

4

Number 1:11-CV-00989-GBC, 2012 WL 3704784 * 4 (E.D. Cal. Aug. 24, 2012).  In fact, "*[a]s a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs*." Quiroga, 2012 WL at 4(*citing* Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)) (emphasis in original).  While PA Green may have been aware of Plaintiff's elbow injury, it appears that PA Green may have exercised his professional judgment in withdrawing the Tramadol prescription.  Thus, Plaintiff fails to demonstrate that PA Green was deliberately indifferent toward Plaintiff.  Therefore, the complaint must be **DISMISSED** for failure to state a cognizable claim.

### V.  LEAVE TO AMEND

The Court will provide Plaintiff a <u>final</u> opportunity to amend his pleading to cure the deficiencies noted in this order. *See* Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint, **<u>Plaintiff must address the deficiencies noted in this Order.  Plaintiff is advised that his failure to do so will result in an order dismissing this action</u>.**

Plaintiff is cautioned that in his amended complaint he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he files his first amended complaint, his original pleadings are superceded and no longer serve any function in the case. *See* Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Plaintiff is advised that federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), and this Court lacks jurisdiction under either 28 U.S.C. § 1331 or § 1332 to adjudicate Plaintiff's state law claims.  Therefore, should the Court ultimately dismiss Plaintiff's federal claims from this action, Plaintiff is advised that he must pursue his state law claims in state court.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726

(1966) (a district court should not exercise supplemental jurisdiction over state law claims when the federal claims giving rise to supplemental jurisdiction are dismissed before trial).

Finally, Plaintiff's first amended complaint **SHALL** comply with Fed. R. Civ. P. 8(a). While Plaintiff admirably set forth his original complaint in four pages, Plaintiff unnecessarily attached 91 pages of exhibits to his original complaint. There is no need to attach exhibits to Plaintiff's first amended complaint. Therefore, **Plaintiff's first amended complaint, including the attached exhibits, SHALL NOT exceed 20 pages**.

### ORDER

For the reasons stated above, the Court **HEREBY ORDERS** that:

1. The complaint (Doc. 1) is **DISMISSED;**

2. Plaintiff is **GRANTED 21 days** from the date of service of this Order, to file a first amended complaint that addresses the deficiencies set forth in this Order. The first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint";

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **July 30, 2013**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE