UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUMALDO BARBOZA,<br><br>  Plaintiff,<br><br>  v.<br><br>BARRY J. GREEN,<br><br>  Defendants. | Case No.: 1:12-cv-01914 – AWI – JLT  (PC)<br><br>FINDINGS AND RECOMMENDATIONS OF DISMISSAL FOR FAILURE TO PROSECUTE<br><br>(Doc. 16). |

Plaintiff Rumaldo Barboza ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 30, 2013, the Court dismissed the complaint in this matter. (Doc. 15). The Court granted Plaintiff 21 days from the date of service of the order to comply with the July 30, 2013 order. Id.  On August 28, 2013, the Court ordered Plaintiff to show cause as to why the matter should not be dismissed for his failure to file a first amended complaint and granted him 14 days to respond to the order to show cause. (Doc. 16).  More than 14 days have passed, and Plaintiff has again failed to comply with the Court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

1

The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since November 26, 2012. (Doc. 1). This case cannot be held abeyance indefinitely based on Plaintiff's failure to file his first amended complaint. Moreover, the Court explicitly advised Plaintiff that "[s]hould Plaintiff fail to file his first amended complaint, the Court will issue findings and recommendations that this matter be dismissed." (Doc. 16 at 2).

The risk of prejudice to Defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). Similarly, the factors in favor of dismissal discussed above greatly outweigh the public policy favoring disposition of cases on their merits. Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's continuous disregard for the Court's mandates.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, and for the aforementioned reasons, the Court **RECOMMENDS DISMISSAL** of the matter for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order**. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 19, 2013**          **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE