# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUMALDO BARBOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>GREEN,<br><br>    Defendant.<br>_____/ | Case No. 1:12-cv-01914-AWI-JLT (PC)<br>Appeal No. 13-17220<br><br>**NOTICE AND ORDER FINDING THAT PLAINTIFF IS NOT ENTITLED TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>(Doc. 24) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his initial complaint on November 26, 2012. (ECF No. 1.) At the same time, Plaintiff filed a motion for temporary restraining order and preliminary injunction. (ECF No. 3.) In that motion, Plaintiff sought an injunction requiring prison officials to provide him with pain medication, referral to a pain management specialist, and physical therapy when it was discontinued in August of 2010 for the treatment of an elbow injury he sustained December 12, 2009. (*Id.*, at 2, 7.) On December 7, 2012, findings and recommendations issued to deny Plaintiff's request based on lack of jurisdiction since Plaintiff failed to state any cognizable claims and a lack of showing of irreparable injury. (ECF No. 10.) An order adopting issued on September 20, 2013. (ECF No. 18.)

On October 22, 2013, Plaintiff filed a notice of appeal. (ECF No. 21.) On November 4,

2013, the Court of Appeals for the Ninth Circuit referred the matter to the district court for the limited purpose of determining if Plaintiff is entitled to proceed in forma pauperis on appeal. (ECF No. 24.)    For the reasons which follow, the Court finds that he is not and elects to revoke Plaintiff's in forma pauperis status on appeal.  Fed. R. App. P. 24(a)(3)(A).

   Plaintiff's claim arose from discontinued treatment for an injury he sustained on December 12, 2009 for which he claims to have been denied adequate pain medication.  (ECF Nos. 1, 3.)  Plaintiff waited more than two years to file his initial complaint.  (ECF No. 1.)  In the underlying motion, Plaintiff failed to show irreparable injury by failing to offer any argument as to why the denial of physical therapy and the medication regimen he sought posed an immediate and lasting threat to his current health and well-being; nor did he explain why immediate action is now required given his extended delay in bringing this matter to the Court's attention.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

   Further, at this stage, Plaintiff has yet to state a cognizable claim against the only named Defendant in the action.  (*See* ECF No. 15.)  Plaintiff has not file a first amended complaint, despite being given opportunity and an extension of time to do so.  (*See* ECF No. 20.)  Thus, the district court is also unable to order the relief Plaintiff seeks due to lack of personal jurisdiction over the defendant in this action.  *See Zepeda v. United States Immigration Service,* 753 F.3d 719, 727 (9th Cir. 1985) (emphasis added).

   "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  The test for allowing an appeal in forma pauperis is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous.  *Gardner v. Pogue*, 558 F.2d 548, 550-51 (9th Cir. 1977) (citing *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917 (1962)) (quotation marks omitted); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed in forma pauperis as a whole).

   Since Plaintiff has yet to state a cognizable claim in this action (but has been given leave to do so) and waited over two years past the events in question to seek court intervention, Plaintiff's appeal of the order denying his motion for temporary restraining order and/or injunctive relief

2

1  seeking immediate prescriptive pain medication and medical treatment is not taken in good faith
2  and is frivolous.
3        Accordingly, the Court HEREBY ORDERS as follows:
4        1.    Pursuant to Fed. R. App. P. 24(a)(3)(A), the Court finds that Plaintiff's appeal is
5  frivolous and he should not be permitted to proceed in forma pauperis on appeal; and
6        2.    Pursuant to Fed. R. App. P. 24(a)(4), the Clerk of the Court shall serve this order on
7  Plaintiff and the Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

    Dated:   **November 12, 2013**           **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE