1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                             EASTERN DISTRICT OF CALIFORNIA
10

11  RUMALDO BARBOZA,                    )  Case No.: 1:12-cv-01914-AWI-JLT (PC)
                                        )
12              Plaintiff,              )  FINDINGS AND RECOMMENDATIONS
                                        )  DISMISSING THE CASE FOR FAILURE TO
13       v.                             )  PROSECUTE
                                        )
14  BARRY J. GREEN,                     )
                                        )  (Doc. 15)
15              Defendant.              )
                                        )  15 DAY DEADLINE
16                                      )

17      Plaintiff, Rumaldo Barboza ("Plaintiff"), is a state prisoner proceeding pro se and in forma
18  pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 30, 2013, the Court
19  dismissed the Complaint in this matter.  (Doc. 15.)  The Court granted Plaintiff 21 days from the date
20  of service of the order to comply with the July 30, 2013 order.  *Id.*  Nonetheless, more than 21 days
21  passed and Plaintiff failed to file a first amended complaint.  On August 28, 2013, an order issued for
22  Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's
23  order.  (Doc. 16.)  Plaintiff did not respond, so Findings and Recommendations that this action be
24  dismissed for Plaintiff's failure to prosecute issued, allowing Plaintiff to file objections thereto within
25  fourteen days.  (Doc. 17.)  Though tardy, Plaintiff filed objections on October 18, 2013 which were
26  allowed to satisfy the order to show cause and upon which an extension of time was granted for
27
28
                                                  1

Plaintiff to file a first amended complaint by November 26, 2013.  (Doc. 20.)[1]  Unfortunately, November 26th came and went without Plaintiff filing a first amended complaint and mail from both this Court and the Ninth Circuit to Plaintiff was returned as undeliverable with notation that Plaintiff no longer resided at Valley State Prison for Women.  (*See* Docs. 21, 22 and docket entries noting return service on CM/ECF.)

Fed. R. Civ. P. 83 and Local Rule 182(f) impose a continuing duty on a party appearing pro se to notify the Clerk of the Court and any parties to this matter of any changes in address as they occur.  After the Clerk mails an order or other document to the pro se party and the USPS returns the document as undeliverable, a plaintiff is given 63 days after the return date in which to notify the Court and the opposing parties of his or her new address.  Local Rule 183(b).  The Court may dismiss the matter without prejudice for failure to prosecute after the lapse of the 63-day period.  *Id*.  In the instant case, Plaintiff was required to notify the Court of his change of address on or before January 13, 2013.  Plaintiff has not notified the Court of his current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).  The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since November 26, 2012.  (Doc. 1.)  This case cannot be held in abeyance indefinitely based on Plaintiff's failure to notify the Court of his address.

The risk of prejudice to potential defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the factors in favor of dismissal discussed above greatly outweigh the public policy favoring disposition of cases on their merits.  Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based

---

[1] Just prior to this order issuing, Plaintiff filed a notice of appeal to the Ninth Circuit of an order denying a motion for preliminary injunction.  (*See* Docs. 3, 10, 18, 21.)

on Plaintiff's failure to keep the Court apprised of his current address.  Therefore, it is recommended that this matter be **DISMISSED without prejudice** for failure to prosecute.

## CONCLUSION

Accordingly, the Magistrate Judge hereby **RECOMMENDS** as follows that:

1. this action be **DISMISSED without prejudice** for Plaintiff's failure to prosecute; and
2. these findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within fifteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 16, 2014**             **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE